IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01764–PAB–KMT

ROSE W. NJUGUNA,

    Plaintiff,

v.

LCS FINANCIAL CORPORATION,

    Defendant.

---

# ORDER

---

    This matter is before the court on Defendant's "Unopposed Motion for Leave to File Amended Answer to Title VII Complaint and Counterclaim." (Doc. No. 26, filed Nov. 8, 2011.) In its Motion, Defendant seeks to assert additional affirmative defenses based on the privilege attached to statements Defendant made in the course of the EEOC investigation.

    Pursuant to Fed. R. Civ. P. 15(a)(2), "The court should freely give leave [to amend the pleadings] when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay,

> bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given."  Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir.1983).

Pursuant to the Scheduling Order entered in this case, the deadline for joining parties and amending the pleadings is November 19, 2011.  (Doc. No. 25, filed Oct. 6, 2011.)  Therefore, Defendant's Motion is timely.  Moreover, Plaintiff does not oppose Defendant's Motion.  Finally, having reviewed Defendant's Motion and the proposed Amended Answer and Counterclaim the court finds there has been no showing of undue delay, bad faith or dilatory motive, undue prejudice, or futility.

Therefore, it is

ORDERED that Defendant's "Unopposed Motion for Leave to File Amended Answer to Title VII Complaint and Counterclaim" (Doc. No. 26) is GRANTED.  The clerk of court is directed to file Defendant's "Amended Answer to Title VII Complaint and Counterclaim" (Doc. No. 26-1).

Dated this 8th day of November, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

2